**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vyacheslav Stefoglo, et al., | No. CV-25-04420-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| David Lee Boylan, et al., | |
| Defendants. | |

Before the Court is Vyacheslav Stefoglo and Lilya Stefoglo's ("Plaintiffs") Motion for Alternative Service on David Lee Boylan ("Boylan") and Extension of Time for the service deadline. (Doc. 19). According to Plaintiffs, they have been unsuccessful in their extensive efforts to serve Boylan by traditional means. (*Id.* at 4). Because Plaintiffs have shown that traditional means of service are impracticable, Plaintiffs' Motion for Alternative Service will be granted.

## Alternative Service

Federal Rule of Civil Procedure 4(e)(1) allows service to be completed on a defendant by following the state law of the state in which the district court is located. Ariz. R. Civ. P. 4(e)(1). In Arizona, if a plaintiff can show that the means of service provided for in Arizona Rule of Civil Procedure 4.1(c) through 4.1(j) are impracticable, the court, on a motion, or on its own, may authorize that service can be accomplished by other means. Ariz. R. Civ. P. 4.1(k)(1). Impractical has been defined by the Arizona courts as "extremely difficult or inconvenient." *Blair v. Burgener*, 245 P.3d 898, 904 (Ariz. Ct. App.

2010).

Here, Plaintiffs tried to physically serve Boylan twice. The first time was on November 5, 2025. (Doc. 19 at 2). Plaintiffs ran what they call a "skip trace," to find Boylan and came up with this address: 255 N. Gilbert Rd # 154, Mesa, AZ 85203. (*Id.*) This was the same address that Boylan listed on the collision report resulting from the collision that is at the center of the controversy between Boylan and Plaintiffs. (*Id.*) They then hired Greyhound Legal Services (Greyhound") to serve Boylan at that address. (*Id.*) However, Greyhound's attempts to serve Boylan at that location were unsuccessful because the person who answered the door stated that they had never heard of anyone by that name. (*Id.*) So, Plaintiffs tried a second time.

Plaintiff's second attempt was also unfruitful. Plaintiffs once again ran a "skip trace" online to find Boylan. This time, the address that populated for Boylan was 5911 E. Main St, Unit 215, Mesa, AZ 85205. (Doc. 19 at 2). When Greyhound attempted service at this location, they confirmed it was a hotel building. (*Id.*) There was also no response when they knocked on the door of the specific unit Boylan was supposed to be staying at. (*Id.*)

Then, Plaintiffs state they received an email from an Alexander Lindberg ("Lindberg"), a practicing attorney,[1] stating that service of process would only be accepted on Boylan's behalf at the following email account: phoenixlocal@libertymutual.com. (*Id.* at 3). However, Plaintiffs state they were later told by Lindberg that he would not be able to accept service on behalf of Boylan and that he would come in to represent Boylan only once Boylan had been served. (*Id.*) In response, Plaintiffs state they asked Lindberg to waive service under Federal Rule of Civil Procedure 4(d). (*Id.*) The waiver for service never materialized because, according to Plaintiffs, Lindberg could not contact Boylan. (*Id.*) Finally, on January 20, 2026, Lindberg reached out to Plaintiffs to tell them that he had "exhausted all efforts in contacting our insured, to no avail. Please proceed with your motion re alternative means." (*Id.* at 4). Taking that advice to heart, Plaintiffs are now

---

[1] It is not entirely clear, but the Court believes Lindberg is an attorney representing Boylan's insurance carrier, and to some extent, Boylan.

asking the Court for alternative service to mail the summons and Complaint to Boylan's last known address as well as send a copy to his attorney Alexander Lindberg. Because the Court believes that Plaintiffs have adequately exhausted traditional means of service, the Court will grant the Motion. Alternative service by mail also comports with due process because it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Plaintiffs should send a copy of the Summons, Complaint, Preliminary Order, and a Copy of the Order Granting Alternative Service, via regular US Mail, certified mail, and by posting to the door of Boylan's last known address. This will reasonably apprise Boylan as to the action against him.

### Extension of Time

Plaintiffs have also asked the Court for an extension of time to serve their Complaint and summons. A plaintiff ordinarily must serve a defendant with the complaint within 90 days of its filing. Fed. R. Civ. P. 4(m). If this time period lapses without service, the court "*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* (emphasis added). This 90-day limit "does not apply to service in a foreign country," *id.*, but a plaintiff also does not have "an unlimited time" for such service, and the Court may set a reasonable time limit. *See, e.g.*, *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015).

Here, Plaintiffs were ordered by this Court to serve all Defendants in this case by January 29, 2026. (Doc. 15 at 2). Plaintiffs filed their Motion for Alternative Service and Extension of Time on January 21, 2026. Based on the above chronology, the Court finds that the Motion for Extension of Time should be granted.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Alternative Service (Doc. 19) is **granted**. The Court will allow Plaintiffs to serve the Summons, Verified Complaint,

Preliminary Order, and this Order on Defendant David Lee Boylan by doing the following: Mailing via regular US mail, certified mail, and posting to the door of Defendant David Lee Boylan's last known address located at: 255 N. Gilbert Rd. #154, Mesa, AZ 85203; and a copy to Alexander Lindberg at alexander.lindberg@libertymutual.com.

      **IT IS FURTHER ORDERED** that Plaintiffs' Motion for an Extension of Time (Doc. 19) for service is **granted.** Plaintiffs now have until February 13, 2026, to serve Defendant David Lee Boylan.

      Dated this 3rd day of February, 2026.

_____
Honorable Diane J. Humetewa
United States District Judge